**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD ANTHONY NIELSON,<br>Plaintiff,<br>v.<br>PATRICK J. SMALLINGS, et al.,<br>Defendants. | No. 2:26-cv-2287-TLN-ICD-P<br><br>ORDER |

Plaintiff, a prisoner proceeding *pro se,* brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint, ECF No. 12.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. *See Olivas v. Nevada ex rel. Dep't of Corr.*, 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2).

Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which

support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff Richard Anthony Nielson names the following Defendants: (1) Patrick Smallings; (2) Edward McGarvey; (3) Ronald Freitas; and (4) Alex Harvey. *See* ECF No. 12, p. 2 (list of defendants named). In the caption of the first amended complaint, Plaintiff also lists the State of California, the San Joaquin County District Attorney's Office, and the San Joaquin County Superior Court. *See id.* at 1.

Plaintiff states that he was physically stabbed on October 22, 2023, due to his illegal conviction. *See id.* at 3. Plaintiff also states he suffered "emotion distress mentally [sic]" and was physically assaulted on October 23, 2023, and was "jumped" on December 27, 2025, receiving a broken nose and "stiches in eyes [sic]." *See id.* at 4.

Plaintiff alleges that Defendant Edward McGarvey knowingly presented "evidence of fraud by a government official that completely undermines the prosecution's case" when he presented "peoples exhibit 39, 40 and 52." *See id.* at 8. At several points Plaintiff vaguely complains about investigators missing evidence or testifying falsely. *See id.* at 21–22, 25–26. Specifically, Plaintiff complains that evidence was improperly destroyed when a homicide victim's family members cleaned blood and brain matter from the house. *See id.* at 45 and 56. In less than clear language, Plaintiff alleges that a jury cannot legally convict without being made aware of the lost, damaged, or destroyed DNA evidence. *See id.* at 25–26. Plaintiff also complains that he was not allowed his attention deficit medication at a preliminary hearing. *See id.* at 28.

Plaintiff seeks relief under the Fifth, Sixth, Eighth, Twelfth, and Fourteenth Amendments. As compensation for his injuries, Plaintiff seeks "100,000,000 million dollars to 15,000,000 dollars in monetary damages." *See id.* at 6.

## II. DISCUSSION

When a state prisoner challenges the legality of his custody and the relief he seeks is a

determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Neal v. Shimoda*, 131 F.3d 818, 824 (9th Cir. 1997); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Thus, a § 1983 action seeking monetary damages or declaratory relief is not cognizable if it alleges constitutional violations that would necessarily imply the invalidity of the prisoner's underlying conviction, sentence, or prison disciplinary sanction affecting the length of confinement. Such a claim may only proceed if the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483–84 (1994) (concluding that § 1983 claim was not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); *Butterfield v. Bail*, 120 F.3d 1023, 1024–25 (9th Cir. 1997) (concluding that § 1983 claim was not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); *cf. Neal*, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination); *cf. Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (concluding that § 1983 action seeking changes in procedures for determining when an inmate is eligible for parole consideration was not barred because changed procedures would hasten future parole consideration and not affect any earlier parole determination under the prior procedures).

Here, Plaintiff's allegations, if true, would necessarily imply the invalidity of a state court criminal process against him. However, Plaintiff has still not alleged facts indicating an appropriate final disposition of his criminal conviction. Under Heck, a cause of action under § 1983 is only available once "the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 512 U.S. at 489. Therefore, to have a cause of action under § 1983, Plaintiff must allege that the conviction was pronounced invalid, which he has not done in the operative amended complaint.

In addressing Plaintiff's original complaint, the Court previously advised Plaintiff of the

foregoing principles and provided Plaintiff leave to amend to allege whether or not his state court criminal conviction has been invalidated or set aside. Plaintiff is now offered a second and final opportunity to amend the complaint.

III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. *See Lopez v. Smith*, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. *See* E.D. Cal. L.R. 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. *See May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. *See Ferdik*, 963 F.2d at 1260–61; *see also* E.D. Cal. L.R. 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). *See Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981).

///

///

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed with leave to amend; and

2. Plaintiff shall file a second amended complaint within **30 days** of the date of service of this order.

Dated: November 12, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE